UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMON RUIZ,<br><br>                    Petitioner,<br><br>    v.<br><br>WARDEN, FCI FORT DIX,<br><br>                    Respondent. | Civil Action No. 23-3679 (JXN)<br><br>**OPINION** |

**NEALS**, District Judge

    Before the Court is *pro se* Petitioner Ramon Ruiz's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") challenging the Bureau of Prison's ("BOP") determination that he is ineligible to earn First Step Act ("FSA") time credits pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Respondent filed an answer. (ECF No. 9.) Petitioner did not file a reply brief. For the reasons expressed below, the Petition is **DISMISSED as moot**.

**I.    BACKGROUND**

    Petitioner is a federal prisoner confined in the Federal Correctional Institution Fort Dix, Fort Dix, New Jersey ("FCI Fort Dix"). (ECF No. 1 at 1.) On October 12, 2022, Petitioner was sentenced in the United States District Court, Middle District of Florida, to a term of seventy-eight (78) months imprisonment. (ECF No. 8-1 at 7.)

    On July 10, 2023, Petitioner filed his Petition challenging the BOP's determination that Petitioner is ineligible for FSA time credits based on an immigration detainer. (*See* ECF No. 1-1 at 1-3.) Petitioner argues that the BOP's determination that "an 'immigration detainer alone' makes

Petitioner ineligible and precludes him from applying earned time credits to an earlier release" is unconstitutional. (*Id.* at 2.)

Respondent filed an answer on October 8, 2023. (ECF No. 8.) On June 21, 2024, this matter was reassigned to the undersigned for all further proceedings. (ECF No. 10.)

## II.     LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III.     DISCUSSION

Petitioner challenges the BOP's determination that Petitioner is ineligible for FSA time credits based on an immigration detainer. (*See* ECF No. 1-1 at 1-3.) The Court finds this issue is now moot.

The FSA, enacted into law on December 21, 2018, directed the BOP to create recidivism reduction programming and incentives for federal prisoners. 18 U.S.C. § 3632(a)-(d). Under the FSA, eligible inmates who successfully participate in recidivism-reduction programming earn time credits, which can be applied toward prerelease custody or early transfer to supervised release. 18 U.S.C. § 3632(d)(4)(A), 18 U.S.C. § 3624(g). The FSA, however, explicitly bars certain inmates from earning or applying FSA time credit. 18 U.S.C. § 3632(d)(4)(D)-(E). For example, "a prisoner is ineligible to apply time credits . . . . if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. § 1101(a)(17)))." 18 U.S.C. § 3632(d)(4)(E)(i).

2

An inmate can earn ten (10) days of credit for every thirty (30) days of successful participation. 18 U.S.C. § 3632(d)(4)(A)(i). Furthermore, eligible inmates assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn five (5) additional days of time credit for every thirty (30) days of successful participation, for a total of fifteen (15) days' time credit per thirty (30) days' successful participation. 18 U.S.C. § 3632(d)(4)(A)(ii).

Here, Petitioner alleges that the BOP found him ineligible to earn FSA time credits because he has an immigration detainer. Respondents submit that on February 6, 2023, the BOP issued a Change Notice, implementing updates to Program Statement 5410.01, and following those updates, Petitioner became eligible to earn time credits. (ECF No. 8 at 1.) The BOP has now calculated Petitioner's earned time credits and applied them towards Petitioner's projected transfer to supervised release date of July 9, 2027. (*Id.* at 2; ECF No. 8-1 at 7.)

On November 18, 2022, the BOP issued Program Statement 5410.01, the agency's policy and implementing procedures on FSA time credits under 18 U.S.C. § 3632(d)(4), wherein the BOP modified its procedures to allow inmates with detainers to earn time credits; the inmates still could not have those time credits applied until the detainers were resolved. U.S. Dep't of Justice, Federal Bureau of Prisons, Change Notice to Program Statement No. 5410.01, First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. 3632(d)(4) (Feb. 6, 2023).[1] Subsequently, on February 6, 2023, the BOP issued a Change Notice making several changes to Program Statement 5410.01, including the BOP's removal of the requirement that inmates have no detainers in order to have time credits applied to their sentence. *Id.*

---

[1] The court notes that the BOP has removed the pdf of the November 18, 2022 version of the U.S. Dep't of Justice, Federal Bureau of Prisons, Program Statement No. 5410.01, First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. 3632(d)(4) from its website. However, the changes highlighted in the Change Notice cited herein demonstrate how this prior version of the document read.

Subsequent to the BOP issuance of the February 6, 2023 Change Notice and Petitioner's filing of his Petition, the BOP has calculated and applied Petitioner's earned time credits to his sentence. (*See* ECF No. 8-1 at 7.) This renders the Petition moot as there is no longer a live issue. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698 (3d Cir. 1996) (finding that "a case becomes moot when the issues are no longer live or the parties lack a cognizable interest in the outcome.").

### IV.   CONCLUSION

For the reasons expressed above, the Petition (ECF No. 1) is **DISMISSED as moot**. An appropriate Order follows.

**DATED**: April 25, 2025

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge